# Birch Hallam
# Harstad & Johnson, LLC

April 15, 2026

**_Submitted via ECF_**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      *Re:*    *Hanson v. Corsearch, Inc., Case No. 1:25-CV-8518 (AS)*

Dear Judge Subramanian,

Plaintiff submits this Letter-Motion requesting leave of the Court to file an overlength Letter Response to Defendant's April 13, 2026 letter motion seeking a protective order. Plaintiff requests leave to file a response letter of 5 pages and respectfully submits that good cause exists to permit the additional pages.

As a preliminary issue, Plaintiff questions whether Defendant appropriately filed their Motion for Protective Order as a letter motion and thereby limited the response deadline and the pages allowed in this response. Local Rule 7.1(e) and Your Honor's "Individual Practices in Civil Cases" identify the types of motions that can be brought by letter-motion. Additionally, SDNY Electronic Case Filing Rule 13.1 identify the types of motions that may be made by letter-motion, specifically stating "If the Filing User is making a type of motion that **does not** appear in this list, the motion **may not be made by letter**." (emphasis added). A motion for a protective order is not identified in any of the locations identified above. Had Defendant filed their motion as a true motion, Plaintiff would have a limit of 8,750 words pursuant to Local Rule 7.1(c) and 7 days to respond. Instead, Plaintiff is forced to fit her opposition to an attempt to block a critical component of discovery in 3 pages to meet the requirements for letter motions and responses.

Defendant's Letter Motion seeks a protective order preventing the deposition of Abel Clark, CEO of Corsearch Inc., relying on the Apex Doctrine, and claiming Mr. Clark has no unique knowledge relevant to this action, such that Plaintiff's request to depose him is "unreasonably cumulative." To both effectively demonstrate that the witness does indeed have unique and personal knowledge about the instant matter and outline the various arguments and caselaw opposing Defendant's reliance on the Apex Doctrine, as well as the relevance and appropriateness of discovering this information, Plaintiff needs more than the three pages allowed by the rules.

Plaintiff has attempted to be as concise as possible in the Response, and the additional pages were necessary to fully address the arguments and assertions raised in Defendant's letter motion and to provide the Court with the relevant factual information in support of Plaintiff's

position. Plaintiff therefore respectfully requests the Court grant permission to file a response that exceeds the limit by 2 pages.

Plaintiff's counsel reached out to Defendant's counsel to ask if they would oppose this request. Defendant's counsel responded and stated that they do not object to excess pages.

Sincerely,

s/ Erika Birch
Erika Birch
Kass Harstad
Birch Hallam Harstad & Johnson, LLC
erika@idahojobjustice.com
kass@idahojobjustice.com

Rebecca Houlding
Houlding Law, PC
rebecca@houldinglaw.com

*Attorneys for Plaintiff*

Plaintiff's unopposed request is GRANTED. Plaintiff's motion to seal, Dkt. 38, is also GRANTED.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 36 and 38.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 16, 2026