UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
| --- | --- |
| April Hanson,<br><br>      Plaintiff,<br><br>  -against-<br><br>Corsearch, Inc.,<br><br>      Defendant. | 25-CV-8518 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff April Hanson alleges that she was sexually assaulted by a former colleague when she worked at Corsearch, and that Corsearch subjected her to a gender-based hostile work environment. Dkt. 1 ¶ 1. Although the alleged sexual assault and subsequent investigation occurred in Europe, Corsearch has filed a motion to transfer this case to the United States District Court for the District of Idaho, pursuant to 28 U.S.C. § 1404(a). Dkt. 22. That motion is DENIED.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). To transfer, two factors must be satisfied. "First, the transferee district must be one where jurisdiction over the defendant could have been obtained at the time suit was brought, regardless of defendant's consent." *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 26 (S.D.N.Y. 2016) (quotation marks omitted). "Second, the transfer must be in the interest of justice and convenience of the parties and witnesses." *Id.* (quotation marks omitted).

"[T]he Court must evaluate the following factors to determine whether to grant a motion to transfer venue: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice." *Id.* at 27 (quotation omitted). "[T]he burden is on the movant to show that transfer is justified" clearly and convincingly. *Xiu Feng Li v. Hock*, 371 F. App'x 171, 175 (2d Cir. 2010).

No one disputes that this case could have been brought in the District of Idaho, so the Court focuses on factors bearing on whether the transfer is in the interests of justice and convenience of the parties and witnesses.

Corsearch has not clearly and convincingly shown that transfer is justified. First, Corsearch says that the convenience of the witnesses favors transfer to Idaho because Hanson lives in Idaho, her treatment providers are in Idaho, and her husband is a likely witness who apparently resides in Idaho. Dkt. 23 at 7, 8. Hanson responds that of the six non-party witnesses included in the parties'

1

initial disclosures, four are in Europe, one is in Mississippi, and only one is in Idaho. Dkt. 25 at 4–5. Hanson is correct that New York is more convenient than Idaho for the witnesses based in Europe, who seem to have the most material testimony about the alleged sexual assault and investigation. Dkt. 25 at 6; *see Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004) ("[T]he court must qualitatively evaluate the materiality of the testimony that the witnesses may provide."). So Corsearch hasn't shown that the convenience of non-party witnesses favors Idaho over New York.

Second, Corsearch says the convenience of the parties favors transfer because Hanson lives in Idaho. Dkt. 23 at 9. But Corsearch's national headquarters is in New York. Dkt. 1 ¶ 8. So this factor doesn't favor transfer. *SBAV LP v. Porter Bancorp, Inc.*, 2013 WL 3467030, at *8 (S.D.N.Y. July 10, 2013) ("A defendant moving for transfer must show . . . that the original forum is inconvenient for it." (quoting 15 Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 3849 (3d ed. 2007))).

Third, Corsearch claims that the locus of operative facts is in Idaho, not New York, because Hanson received treatment in Idaho and says she was constructively discharged while in Idaho. Dkt. 23 at 10–11. But the real locus of operative facts is in Europe, where the alleged "assaults and the company's subsequent investigation occurred," Dkt. 25 at 7; *see Bare Body Laser Spa, Inc. v. Billings*, 2024 WL 3445333, at *8 (S.D.N.Y. July 17, 2024) (focusing on "[t]he 'center of gravity' of th[e] case"). So this factor is neutral.

Corsearch highlights that Hanson's choice of forum should be afforded minimal (if any) deference because Hanson lives in Idaho, lacks any connection to this district, and because "this litigation has no meaningful connection to New York." Dkt. 23 at 6–8. But Hanson says that some "decisions related to [Corsearch's] investigation and remedial actions occurred in New York" because Corsearch's New York-based CEO, Abel Clark, determined "how to respond to reports that his Chief Revenue Officer sexually assaulted [Hanson]." Dkt. 25 at 1, 7. (Corsearch responds that Clark "is not a witness" and wasn't a decisionmaker, Dkt. 28 at 2, but bare assertions without supporting evidence are insufficient on a motion where Corsearch bears the burden.) This suggests that the Court should afford some deference to Hanson's choice of forum. That said, this is not Hanson's home forum, and most of the key operative facts occurred in Europe. So Hanson's choice of forum is entitled to minimal weight. *See Dickerson*, 315 F.R.D. at 32 ("Where the forum selected is not plaintiff's home forum or the place where the operative facts of the action occurred, . . . this diminishes the weight assigned to this factor." (quotations omitted)).

The remaining factors don't move the needle. Corsearch has failed to show there are relevant physical documents located in Idaho that can't easily be scanned electronically. The trial efficiency factor is neutral "in the early stages of litigation" and with "no other litigation [that] appears to be pending." *Hummingbird USA v. Tex. Guaranteed Student Loan Corp.*, 2007 WL 163111, at *4 (S.D.N.Y. Jan. 22, 2007). And the relative-means factor may slightly favor transfer, but "this factor has rarely been a dispositive reason to grant or deny a transfer motion, and is not so here." *Schoenefeld v. New York*, 2009 WL 1069159, at *3 (S.D.N.Y. Apr. 16, 2009) (quotations omitted). Next, while Corsearch says the witnesses in England are former employees and Hanson

"has not established that she will be able to get them into the U.S. to testify at all," Dkt. 28 at 2, that argument flips the applicable burden. *See Wistron Neweb Corp. v. Genesis Networks Telecom Servs., LLC*, 2022 WL 17067984, at *9 (S.D.N.Y. Nov. 17, 2022) ("For this factor to have weight . . . [movants] would have to show . . . that [the potential witnesses] would be unwilling to testify without a subpoena."). Finally, Hanson's claims "raise questions of federal law" under Title VII, "which either forum is equally capable of deciding," *Dickerson*, 315 F.R.D. at 32, and Corsearch hasn't shown that Hanson's state-law claim "turns on nuanced issues of [Idaho] state law that [an Idaho court] is materially more qualified to apply than a [New York] court would be," *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 747 (S.D.N.Y. 2013).

The balance of factors doesn't point strongly in either direction. In other words, Corsearch has failed to show that transfer is clearly and convincingly justified. So the motion to transfer venue is DENIED. And Corsearch's motion to stay discovery until the Court resolves the motion to transfer is DENIED AS MOOT.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 22 and 33.

SO ORDERED.

Dated: April 21, 2026
      New York, New York

ARUN SUBRAMANIAN
United States District Judge

3