

**Littler Mendelson, P.C.**
900 Third Avenue
New York, New York 10022.3298


Kelly M. Cardin
Shareholder
212.471.4420 direct
212.583.9600 main
347.745.3314 fax
kcardin@littler.com

April 13, 2026


**VIA ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:     *April Hanson v. Corsearch, Inc.*
        1:25-cv-08518 (AS)

Dear Judge Subramanian:

We represent Defendant Corsearch, Inc. in the above-referenced matter. Pursuant to Your Honor's Individual Rule 5(D), Corsearch respectfully requests a protective order precluding Plaintiff from taking the deposition of Abel Clark, Corsearch's Chief Executive Order. At this point, no depositions have occurred in this case.

Corsearch seeks a protective order to prevent the deposition of Mr. Clark. The parties have met and conferred on this issue, most recently on April 10, 2026, and could not reach an agreement.[1] As such, Corsearch now seeks the assistance of the Court to abbreviate needless discovery.

Mr. Clark is the most senior executive at Corsearch whose position warrants the application of the apex doctrine to bar his deposition. The court must limit discovery where the discovery sought "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C). *See Meier v. Google LLC*, 2026 WL 480773 (S.D.N.Y. Feb. 20, 2026); *Consol. Rail Corp. v Primary Indus. Corp.*, 1993 WL 364471 (S.D.N.Y. Sept. 10, 1993). The apex doctrine arises from this principle and provides an "additional layer of protection for senior corporate executives subject to depositions." *Iowa Pub. Emps.' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 17 Civ. 6221 (KPF), 2020 WL 6273396, at *1 (S.D.N.Y. Aug. 28, 2020). In deciding whether to prevent

---

[1] The telephone conference was attended by Erika Birch (Lead Counsel for Plaintiff), Kass Harstad, Kelly Cardin (Lead Counsel for Defendant), and Emily Gaines. The call lasted approximately 40 minutes.

The Honorable Arun Subramanian
April 13, 2026
Page 2

depositions of executives, courts consider "the likelihood that the individual possesses relevant knowledge, whether another source could provide identical information, the possibility of harassment, and the potential disruption of business." *Hallmark Licensing LLC v. Dickens Inc.*, 17-CV-2149 (SJF)(AYS), 2018 WL 6573435, at \*4-5 (E.D.N.Y. Dec. 13, 2018). Plaintiff must show the executive has "unique evidence, personal knowledge of the claims at issue, or that other witnesses are incapable of providing testimony about the conduct alleged" to show that the deposition is necessary. *Iowa Pub. Emps.' Ret. Sys.*, 2020 WL 6273396, at \*1; *see also Harpeti v. CBS Television Stations Inc.*, 21 Misc. 680 (PAE), 2021 WL 3932424, at \*2 (S.D.N.Y Sept. 2, 2021). Courts may also grant protective orders for depositions where a party has not attempted to obtain information from lower-level employees first. *Iowa Pub. Emps.' Ret. Sys.*, 2020 WL 6273396, at \*1.

Plaintiff identifies Mr. Clark as an individual who she believes has discoverable information, however, she has served no interrogatories, requests for admission, or other targeted discovery aimed at identifying the individuals with firsthand knowledge of Corsearch's investigation into her claims. Nor has she even noticed the deposition of any less-senior employees or a 30(b)(6) witness before seeking Mr. Clark's testimony.[2] To the contrary, the discovery exchanged to date demonstrates that there are other individuals who were involved with the investigation and could speak to Corsearch's policies. Plaintiff's failure to pursue these less burdensome avenues prevents her from leapfrogging directly to the deposition of Corsearch's CEO.

Mr. Clark, whose name does not appear in the Complaint, did not participate in the events giving rise to Plaintiff's allegations, and was not responsible for investigating her concerns. Corsearch has identified those individuals in its disclosures. Plaintiff has identified no allegation suggesting that Mr. Clark has any unique insight or knowledge unavailable from those directly involved in the investigation. Accordingly, a deposition of Mr. Clark would be unreasonably cumulative and duplicative of other depositions. Moreover, the significant business disruption to Corsearch to require Mr. Clark to take days out of his schedule for deposition preparations and the deposition itself.  As such, the Court should preclude Plaintiff from taking Mr. Clark's deposition.

Mr. Clark has no unique knowledge relevant to this action. Indeed, when asked about the relevance of Mr. Clark's deposition, Plaintiff's counsel responded that Mr. Clark was the final decision maker related to the results of the investigation and any remedial actions taken therefrom. This is not true.

---

[2] There is no valid basis for Plaintiff to depose Mr. Clark regarding Corsearch's policies and procedures related to harassment, discrimination, or retaliation.

The Honorable Arun Subramanian
April 13, 2026
Page 3

In sum, Plaintiff's request to depose Mr. Clark is unreasonably cumulative and would create an unreasonable business disruption to Corsearch. For all these reasons, Corsearch seeks a protective order to preclude Plaintiff from taking Mr. Clark's deposition.

We thank the Court for its consideration of this request.

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Kelly Cardin*

Kelly Cardin
Emily Gaines

Defendant's motion for a protective order, Dkt. 34, is DENIED. Plaintiff alleges that Mr. Clark has unique knowledge of facts related to the underlying allegations and investigation, and she quotes internal company emails implicating Mr. Clark. Dkt. 39 at 3–4.  Mr. Clark has not submitted an affidavit denying personal knowledge. So defendant has failed to show good cause to bar Mr. Clark's deposition. *See Felder v. Warner Bros. Discovery, Inc.*, 2025 WL 1718098, *3, *19–20. (S.D.N.Y. June 20, 2025). The Court determines that the motion was substantially justified, so the Court does not award attorney's fees under Federal Rule of Civil Procedure 37(a)(5)(B). But the parties should, moving forward, make sure to meet and confer in good faith to try to resolve their disputes.

Separately, the Court directed plaintiff to notify the Court if any live issues remain from her motion for discovery. Dkt. 32. Because plaintiff has not notified the Court of any such issues, plaintiff's motion for discovery, Dkt. 30, is DENIED AS MOOT.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 30 and 34.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 22, 2026