# Birch Hallam
# Harstad & Johnson, LLC

May 22, 2026

**Submitted via ECF**

Honorable Judge Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

> Re:   *Hanson v. Corsearch, Inc., Case No. 1:25-CV-8518 (AS)*

Pursuant to SDNY Local Rule 37.2 and Paragraphs 5 and 8 of the Court's "Individual Practices in Civil Cases," Plaintiff submits this Letter-Motion regarding Defendant's refusal and failure to produce documents requested in her Requests for Production ("RFPs"), specifically:

- **RFPs 6, 7 and 9:** These requests seek Mr. Mellalieu's personnel file, documents relating to his separation, and any agreements that he signed with Corsearch (*e.g.*, his employment agreement and/or any separation agreement).[1]
- **RFPs 20 and 22**: These requests seek documents relating to Ms. Williams' separation and any agreements she signed (such as severance, cooperation or confidentiality agreements).[2]

## CONCILIATION EFFORTS

The documents at issue in this Letter-Motion are documents that Plaintiff requested in January, and which have been the subject of conciliation ever since. Plaintiffs counsel sent several written communications and had a 45-minute phone call with defense counsel (Emily Gaines) in April.  Defendant then issued its Revised Responses to Plaintiff's First Set of RFPs and produced four pages of additional documents (CORSEARCH000291-294). [3]

---

[1] RFP 6 seeks Mellalieu's personnel file, RFP 7 seeks documents relating to his separation, and RFP 9 seeks any agreements that he signed with Corsearch.

[2] RFP 20 seeks documents relating to Ms. Williams' separation, and RFP 22 seeks any agreements she signed with Corsearch.

[3] After Defendant's Revised Responses, Defendant's discovery responses can be divided into two categories: 1) RFPs that are still being conciliated (there are 24 of them); and 2) RFPs that Defendant has objected to (the 5 RFPs reference herein) and refused to produce documents. This Letter-Motion only deals with the 5 RFPs that Defendant refusing to produce documents. However, the 24 remaining RFPs may be the subject of another Letter-Motion soon. Indeed, on May 1st, Plaintiff's counsel sent a letter, attempting to conciliate these 24 discovery requests. Although Plaintiff's counsel requested a response to the letter by May 8th and/or a meeting with defense counsel within two days to conciliate, defense counsel has provided neither.

1516 W. Hays Street
Boise, Idaho 83702
P: 208.336.1788
www.idahojobjustice.com

In response to RFPs 6, 7 and 9, Corsearch produced two documents relating to Mellalieu: a certificate relating to anti-discrimination training Mellalieu attended and a December 2025 company-wide announcement from Abel Clark (the CEO) that Mellalieu was leaving the company. Defendant refused to produce any additional documentation relating to Mellalieu, claiming the requests sought documents that were either irrelevant and/or sought confidential information that violated Mellalieu's privacy rights. And, in response to RFPs 20 and 22, Corsearch refused to produce documents relating to Ms. Williams' separation or any agreements she signed with Corsearch, claiming the same objections referenced above.

On May 5th, Plaintiff sent an email to defense counsel, indicating that she would be filing a Letter-Motion relating to the RFPs referenced herein, as defense counsel had stated at least two to three times that they would not be producing responsive documents. However, she noted that there had not yet been a meet and confer call with Defendant's lead counsel (Kelly Cardin). The parties met again to meet and confer on May 7th, with Erika Birch and Kass Harstad (both lead trial counsel for Plaintiff) attending for Plaintiff, and Emily Gaines and lead trial counsel Kelly Cardin attending for Defendant. During the call, defense counsel indicated that they would consider the RFPs at issue here yet again, and would endeavor to get back to Plaintiff's counsel by May 13th.

Defendant did not respond by May 13th. However, on May 18th, defense counsel sent another email, indicating for the fourth time that it would not be responding to the RFPs at issue here. In the May 18thth email, Defendants primarily relies on two objections: 1) that the documents and agreements are not relevant; and 2) that Mellalieu and Williams are U.K. citizens, are not parties to this lawsuit and their agreements with Corsearch are governed by English law. Plaintiff presumes that these objections are akin to Defendant's prior objection that the agreements raise confidentiality issues.[4]

## ARGUMENT

First, Defendant's argument that these documents requested are not relevant is unfounded. "[R]elevance, for purposes of discovery, is an extremely broad concept." *Shirazi v. Citibank, N.A.*, No. 25 CIV. 2992 (PAE), 2026 WL 710401, at *1 (S.D.N.Y. Mar. 13, 2026). Indeed, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and  a matter is relevant if it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id*. Additionally, documents that go to a witness's bias or credibility are relevant and are a "proper subject of discovery." *Kaplan v. S.A.C. Cap. Advisors, L.P.*, No. 12-CV-9350 (VM) (KNF), 2015 WL 5730101, at *2 (S.D.N.Y. Sept. 10, 2015). And "the circumstances of or terms under which [a key witness] left defendants' employ . . . are relevant, because they go to the "potential bias or prejudice" of a key witness. *Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, No. 20-CV-5015 (VEC) (BCM), 2022 WL 621957, at *3 (S.D.N.Y. Mar. 3, 2022); *see also Morgan Art*

---

[4] The conciliation efforts in this case have been long and drawn-out. Due to the length of the "Conciliation" section of this Letter-Motion, Plaintiff respectfully requests the Court grant permission to file a 4-page Letter-Motion, which exceeds the limit by 1 page.

*Found. Ltd. v. McKenzie*, No. 18-CV-4438 (BCM), 2020 WL 3578251, at *5 (S.D.N.Y. July 1, 2020) (settlement agreement relevant to potential witness's bias or prejudice).

Here, the personnel records of Mellalieu, including documents relating to his hiring and separation and any agreements he signed with Corsearch, are relevant to this action. Plaintiff is entitled to discover what policies Mellalieu signed when he first started, his Employment Agreement (and whether that limited Corsearch's ability to terminate him), what Corsearch knew about him when it hired him, and what led to his termination. This information is relevant because it goes to whether Corsearch had notice that Mr. Mellalieu might pose a threat to Plaintiff or other Corsearch employees, and whether Corsearch took sufficient steps to remedy or prevent the sexual harassment of its employees. *See*, *e.g.*, *Ferris v. Delta Air Lines, Inc.*, 277 F.3d 128, 136 (2d Cir. 2001). For example, as part of its investigation of the assault allegations, Corsearch held a "formal disciplinary meeting" with Mellalieu which was "conducted in accordance with the UK Disciplinary policy . . . and with consideration to your contract of employment dated 10 March 2023."[5] Mellalieu's personnel information may also lead to discovery of admissible evidence relevant to Mr. Mellalieu's credibility and/or bias. Similarly, Plaintiff is entitled to know why and under what conditions Williams left, and whether she signed any documents that limits her ability to testify openly and honestly in this case and/or whether she has any bias. In sum, the information sought is clearly relevant.

Additionally, Defendant's objections relating to the privacy of Mellalieu and Williams is also unavailing. The parties in this case are governed by a Protective Order, which limits the use and dissemination of documents marked confidential. However, these "confidentiality concerns do not suffice to resist otherwise relevant discovery." *Osdoby v. Handi-foil Corp.*, No. 22-CV-4199 (NG) (JMW), 2023 WL 3792529, at *2 (E.D.N.Y. June 2, 2023). Indeed, even though "information such as severance pay, bonus pay, [and] negotiation of a separation agreement may be considered highly sensitive and confidential," New York Courts have held that a Protective Order is a sufficient shield against the documents' inadvertent disclosure. *See*, *e.g.*, *Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, No. 20-CV-5015 (VEC) (BCM), 2022 WL 621957, at *3 (S.D.N.Y. Mar. 3, 2022).[6] In short, the Protective Order here is more than sufficient to assuage Defendant's privacy concerns.

Based on the foregoing, Plaintiff requests that the Court order Defendant to produce the requested information, or in the alternative, that the Court schedule a conference.

---

[5] Quoted portions are contained in a March 7, 2024 letter to Mallalieu from Williams, CORSEARCH 00084-85 which can be provided to the Court if requested.

[6] *See also Morgan Art Found. Ltd. v. McKenzie*, No. 18-CV-4438 (BCM), 2020 WL 3578251, at *5 (S.D.N.Y. July 1, 2020) (parties to a settlement agreement may not "shield it from discovery merely because it contains a confidentiality provision"); *Rocky Aspen Mgmt. 204 LLC v. Hanford Holdings LLC*, 394 F. Supp. 3d 461, 464 (S.D.N.Y. 2019) ("[C]onfidentiality provisions inserted by parties into private settlement agreements do not immunize those agreements from discovery."); *Conopco, Inc. v. Wein*, 2007 WL 1040676, at *5 (S.D.N.Y. Apr. 4, 2007) ("[T]he simple fact that the parties to the settlement agreement agreed to its confidentiality does not shield it from discovery."); *Tribune Co. v. Purcigliotti*, 1996 WL 337277, at *3 (S.D.N.Y. June 19, 1996) ("[T]he mere fact that the settling parties agreed to maintain the confidentiality of their agreement cannot serve to shield it from discovery.").

GRANTED. Mellalieu and Williams's files are relevant to bias at the very least. And the Court is unpersuaded by the confidentiality concerns given that there's a protective order in place. As to the UK GDPR, defendant can ensure that any files are transferred in compliance with the procedure. Finally, defendant hasn't made any concrete showing that the requests are overbroad or disproportionate.

**Defendant shall produce the requested information within 14 days of the date of this Order.**

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 44.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: May 28, 2026

Sincerely,

s/ Kass Harstad

Kass Harstad
Erika Birch
Birch Hallam Harstad & Johnson, LLC
kass@idahojobjustice.com
erika@idahojobjustice.com

Rebecca Houlding
Houlding Law, PC
rebecca@houldinglaw.com

Attorneys for Plaintiff