# Birch Hallam Harstad & Johnson, LLC

July 13, 2026

GRANTED IN PART. The Court has considered this letter-motion and defendant's response, Dkt. 52, and orders that 1) the remote depositions of Angela Williams and Charlotte de Metz (30(b)(6) designee) occur at a mutually agreeable date/time in August, 2026, and 2) the deposition of Abel Clark (both individually and as a 30(b)(6) designee) occur at a mutually agreeable date/time in September, 2026, either in person or remotely. Defendant may depose plaintiff at a mutually agreeable date/time before August 24, 2026 remotely or in person in Idaho. Alternatively, defendant may depose plaintiff at a mutually agreeable date/time after August 24, 2026 in person in NYC. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 51.

***Submitted via ECF***

Honorable Judge Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: July 16, 2026

*Re:* *Hanson v. Corsearch, Inc., Case No. 1:25-CV-8518 (AS)*

Pursuant to Local Rule 37.2 and Paragraphs 5 and 8 of the Court's "Individual Practices in Civil Cases," Plaintiff submits this Letter-Motion regarding the parties' order of depositions.

**PROCEDURAL POSTURE AND CONCILIATION EFFORTS**

1) On January 8, 2026 (four days before Defendant filed its Answer), Defendant noticed up the deposition of Plaintiff, to be held on April 24, 2026, or a date to be agreed upon by the Parties, at the law offices of defense counsel in New York City.

2) On February 19, 2026, Defendant filed its Motion to Change Venue (which was denied on April 21, 2026).

3) On April 2, 2026, Plaintiff's counsel issued Notice of Deposition for Corsearch CEO Abel Clark.[1] Plaintiff proposed a zoom deposition to be held during the week of April 13th.

4) On April 9th, defense counsel indicated that they would be filing a Motion for Protective Order (seeking to preclude Mr. Clark's deposition) and a Motion to Stay Discovery pending the outcome of their Motion to Change Venue. Additionally, for the first time in over three months, defense counsel brought up Plaintiff's deposition. However, defense counsel did not seek to schedule Plaintiff's deposition, even though Plaintiff's counsel offered to do so. To the contrary, defense counsel demurred on scheduling Plaintiff's deposition, stating that their ability to move forward on Plaintiff's deposition depended on the status of written discovery and the outcome of the Motion to Stay Discovery.

5) On April 10th, Defendant filed its Motion to Stay Discovery, and on April 13th, Defendant filed its Motion for Protective Order, seeking to preclude Plaintiff from taking Mr.

[1] Mr. Clark is a very important deponent in this case, as he was responsible for Corsearch's decision not to discipline Mr. Mellalieu in response to Ms. Hanson's sexual assault allegations. Additionally, Corsearch designated Mr. Clark as one of two 30(b)(6) designees.

Clark's deposition. Defendant did not raise any argument relating to priority of depositions/discovery in either Motion.

6) On April 21st and April 22nd, the Court denied Defendants' three motions and ordered discovery and Mr. Clark's deposition to proceed. Although discovery was ordered to proceed, Defendant again did not seek to schedule the deposition of Plaintiff.

7) On June 10th, Plaintiff's counsel attempted to propose a comprehensive deposition schedule. Specifically:

- She proposed taking in-person depositions in NYC during the week of July 27th or August 10th, including the depositions of Mr. Clark (in his individual and in his capacity as a 30(b)(6) designee) and Plaintiff, as well as two other in-person deponents; and
- She proposed taking the depositions of Ms. Angela Williams (Corsearch prior HR Director who conducted the investigation into the assault) and Charlotte de Metz (Corsearch's current HR Director, in her capacity as Corsearch's 30(b)(6) designee) via zoom the week of July 20th.

8) On June 17th, Plaintiff learned that she had to undergo emergency surgery and would be unable to travel for eight weeks. Plaintiff's counsel notified defense counsel of this immediately. However, Plaintiff's counsel clarified that Plaintiff was still able to proceed with her deposition via zoom or in Idaho during the weeks referenced above.

9) On June 22nd, Plaintiff's and defense counsel met and conferred regarding depositions and other issues. During the call:

- Defense counsel indicated that Plaintiff's deposition must occur in-person and in NYC. In other words, Plaintiff's deposition cannot occur until August 24th at the earliest, because Plaintiff cannot travel until then for medical reasons and defense counsel declines to take the deposition via zoom or in Idaho.
- Defense counsel indicated that although Mr. Clark's deposition had been ordered in April, he was unavailable to do either an in-person or zoom deposition until September 15th.[2] To avoid multiple trips to NYC, Plaintiff and her counsel hoped to do all in-person depositions at one time, meaning that all in-person depositions (including the deposition of Ms. Hanson) will not occur until mid-September.
- When Plaintiff's counsel proposed doing the zoom depositions of Ms. Williams and Ms. de Metz in July and August, defense counsel refused, claiming that Plaintiff's deposition must occur first because they had issued her Notice of Deposition first.

10) The parties met and conferred regarding the issue. On July 8, 2026, defense counsel confirmed their position that it would not agree to any depositions prior to Plaintiff's.

---

[2] Notably, defense counsel has not indicated *why* Mr. Clark is unavailable for a full three months. The Corsearch Board announced Mr. Clark's separation effective July 6th, and therefore, there is no business reason for the delay.

## ARGUMENT

Although priority of discovery/depositions existed over 50 years ago, "[t]hat rule . . . was abolished in 1970 with the promulgation of Federal Rule of Civil Procedure 26(d)." *Guidehouse LLP v. Shah*, 2020 WL 13927593, *1 (S.D.N.Y. Oct. 27, 2020). The effects of Rule 26(d) are "first, to eliminate any fixed priority in the sequence of discovery, and second, to make clear and explicit the court's power to establish priority by an order issued in a particular case." *Convermat Corp. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2743679, *1 (E.D.N.Y. Sept. 18, 2007). Indeed, under Rule 26(d)(3), all discovery methods (including depositions) "may be used in any sequence," *unless* there is an order of the court that provides otherwise based on "the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 23(d)(3). In other words, the general rule is *no priority*, but the general no-priority rule can be overcome only based on "the parties' and witnesses' convenience and in the interests of justice." *See New York v. Grand River Enters. Six Nations, Ltd.*, 2022 WL 1485284, *2 (W.D.N.Y. May 11, 2022).

Here, Plaintiff cannot travel (for medical reasons outside her control) until late August, 2026. She could travel before she required emergency surgery in mid-June, but Defendant did not seek her deposition previously. Additionally, Plaintiff is available to do her deposition in Idaho or via zoom, yet Defendant insists on waiting until late August to depose Plaintiff in-person in NYC and staying all other depositions. To compound the issue, Mr. Clark (one of the primary witnesses in this case) is "unavailable" for deposition (even via zoom) until September 15th. Based on the foregoing, absent an Order from this Court, it appears that all depositions in case will occur in mid- to late September.

Expert disclosures are due in this case starting on September 1st, and fact discovery is supposed to close on November 2nd. The parties will already have to move the expert disclosure deadline, but Plaintiff would prefer to keep the November 2nd deadline. As such, she seeks an Order from the Court: 1) ordering the zoom depositions of Angela Willaims and Charlotte de Metz (30(b)(6) designee) at a mutually agreeable date/time in August, 2026; and 2) ordering the deposition of Abel Clark (both individually and as a 30(b)(6) designee) at a mutually agreeable date/time in August, 2026, *or* ordering defense counsel to provide a reasonable explanation as to why he is unavailable until mid-September.[3] Thank you, and please let us know if there is any additional information that the Court needs.

Sincerely,

s/ Kass Harstad
Kass Harstad
Erika Birch
Birch Hallam Harstad & Johnson, LLC
kass@idahojobjustice.com
erika@idahojobjustice.com

Rebecca Houlding
Houlding Law PC
rebecca@houldinglaw.com

*Attorneys for Plaintiff*

[3] As previously indicated, Plaintiff has offered to make herself available at a mutually agreeable date/time for a deposition in Idaho or via zoom during this same time period.