Birch Hallam
Harstad & Johnson, LLC

July 27, 2026

***Submitted via ECF***

Honorable Judge Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

*Re: Hanson v. Corsearch, Inc., Case No. 1:25-CV-8518 (AS)*

Pursuant to Local Rule 37.2 and Paragraphs 5 and 8 of the Court's "Individual Practices in Civil Cases," Plaintiff submits this Letter-Motion regarding the Defendant's refusal to produce documents and provide testimony relating to internal and/or external complaints of discriminations harassment, bias and/or retaliation related to sex or gender. (RFPs 38, 39, 43; 30(b)(6) Topic 6).[1]

**CONCILIATION EFFORTS**

The materials at issue in this Letter-Motion are documents that Plaintiff requested in January, and which have been the subject of conciliation ever since. In the last six months, Plaintiff's counsel has sent at least four letters to defense counsel and held at least six meet and confer calls with defense counsel regarding the issue.[2] Every time counsel communicated about this issue, defense counsel indicated she had to talk to her client about it and/or that her client was willing to meet and confer about this topic. As such, Plaintiff's counsel narrowed the topic/RFPs and limited the definition for "external reports" and "internal reports."[3] Despite this, Corsearch never responded to Plaintiff's narrowed requests or proposed its own narrowed topic or definition.

---

[1] If the Court wants copies of these RFPs and the 30(b)(6) Deposition Notice, please let us know.
[2] Plaintiff's letters were dated April 6th, April 16th, May 1st and July 1st, and the meet and confer calls occurred on April 8th, April 10th, April 22nd, May 7th, June 1st and June 22nd. Five of the six calls were with Lead Trial Counsel for Defendant, and the calls lasted on average 30 to 45 minutes.
[3] In her April 29th Notice of 30(b)(6) deposition, Plaintiff gave the following definitions:

> The term "internal reports" means any reports made to, elevated to, or known about by: Corsearch HR (or equivalent department); Corsearch Legal (or equivalent department); or the Corsearch leadership team (i.e., C-suite executives). This includes all reports, whether submitted verbally or in writing, and those considered "formal" or "informal."
>
> The term "external reports" means any complaints filed with: the Equal Employment Opportunity Commission or FEPAs/state and local agencies; the DOJ Civil Rights Division, OSHA, the NLRB, or any other agencies that process

1516 W. Hays Street
Boise, Idaho 83702
P: 208.336.1788
www.idahojobjustice.com

On July 15th, Corsearch sent a letter to Plaintiff's counsel, finally definitively stating that it would not produce the documents requested and/or allow 30(b)(6) testimony on the issue. In its letter, Corsearch made three primary objections, claiming that:

- "Plaintiff's requests remain untethered to Plaintiff's allegations, the challenged employment decisions, or the individuals involved in this action."

- "Compliance would require Corsearch to identify, collect, review, and potentially redact highly sensitive personnel and investigation materials involving unrelated employees, many of whom have substantial privacy interests in the confidentiality of those matters."

- Other than one other complaint, Corsearch "is not aware of any *external* complaints in the United States between January 1, 2021 and December 31, 2025 that fall within Plaintiff's proposed narrowed scope, other than Plaintiff's." Corsearch refuses to produce the other complaint because "it is not sufficiently similar to Plaintiff's claims to warrant disclosure."

**<u>ARGUMENT</u>**

Defendant first claims that other complaints of gender discrimination are not discoverable because they are "untethered to Plaintiff's allegations." However, this case not only relates to the assault on Ms. Hanson, but also alleges a broader hostile environment, and whether Corsearch's response to the assault was adequate and appropriate is also at issue. "Relevant to the question whether an employer [is liable for a hostile work environment] is 'evidence that an employer did not monitor the workplace, failed to respond to complaints, failed to provide a system for registering complaints, or effectively discouraged complaints from being filed.'" *Ball v. Marriott Int'l, Inc.*, 627 F. Supp. 3d 296, 318 (S.D.N.Y. 2022 (cleaned up, *quoting Vance v. Ball State Univ.*, 570 U.S. 421, 449 (2013)).[4] Furthermore, evidence of discrimination of others can be admissible circumstantial evidence of discrimination. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). As such, other complaints about gender discrimination (and whether Corsearch adequately responded to those complaints) are relevant here. Furthermore, Mr. Clark

---

> administrative complaints; the Equality and Human Rights Commission in the United Kingdom and/or other agencies or bureaus in other European nations; and any Court or tribunal worldwide. The term "external reports" also includes any communications with Advisory, Conciliation and Arbitration Service (Acas) regarding any Corsearch-related complaints.

On June 5th, Defendant objected to the Topic in its entirety, but stated that it was willing to "meet and confer" to narrow the topic. As set forth above, Plaintiff's counsel and Defendant's lead trial counsel met and conferred about this issue on June 22nd, and on July 15th, Corsearch sent a letter to Plaintiff's counsel, definitively stating that it would not allow deposition testimony on the issue.

[4] *See also Chan v. NYU Downtown Hosp.*, 2004 WL 1886009, at *5 (S.D.N.Y. Aug. 23, 2004) ("'Evidence relating to company-wide practices may reveal patterns of discrimination against a group of employees.'") (*quoting Hollander v. American Cyanamid Co.,* 895 F.2d 80, 84-85 (2d Cir.1990)); *eShares, Inc., v. Talton*, 2025 WL 1736576, at *2 (S.D.N.Y. June 23, 2025).

(the company's CEO) and Ms. Williams (HR) were both involved in the investigation and employment decisions in this case. Defendant's documents identify at least five other complaints in the few months surrounding Ms. Hanson's assault, and the documents indicate that Ms. Williams investigated those complaints and consulted with Mr. Clark regarding the investigations and resulting employment decisions. As such, Defendant's contention that these requests are "untethered" to the individuals involved in this case is specious.

Second, Defendant claims that responding to Plaintiff's requests would impinge on unrelated employees' privacy interests. However, the parties have entered into a protective order in this case, which should protect those privacy interests. Indeed, this Court has already held that the protective order in place is sufficient to protect the privacy interests of Corsearch employees. *See Court's May 28, 2026 Order, Dkt. #49*.

Third, Defendant claims that (other than one other U.S. complaint that it is unwilling to produce) it is not aware of any external complaints in the United States within the relevant time period. However, limiting the request to external complaints made in the U.S. is too narrow in this case – the bad acts occurred in Europe (an assault perpetrated by a UK executive in Amsterdam and an investigation headed by a UK executive from the UK). Indeed, the decisionmakers in this case include a CEO in New York and head of HR in London, who ultimately oversaw all of Corsearch's employees who work in and travel to other countries outside of the U.S. Additionally, Corsearch employees are located in Europe and the United States and frequently travel to other countries for meetings.

For the foregoing reasons, Plaintiff respectfully requests that the Court order Defendant to respond to RFPs 38, 39, 43 as narrowed, and provide deposition testimony in response to 30(b)(6) Topic 6. We regret having to involve the Court yet again relating to discovery. However, Plaintiff has made every effort to conciliate this issue and has narrowed the Requests as much as possible. Plaintiff's attempts have been unsuccessful, and therefore, Court intervention is necessary.

Sincerely,

s/ Kass Harstad
Kass Harstad
Erika Birch
Birch Hallam Harstad & Johnson, LLC
kass@idahojobjustice.com
erika@idahojobjustice.com

Rebecca Houlding
Houlding Law PC
rebecca@houldinglaw.com

Attorneys for Plaintiff

GRANTED IN PART. Defendant is ordered to respond to RFPs 38, 39, and 43 as narrowed, and to provide deposition testimony in response to 30(b)(6) Topic 6, except that the Court narrows the requests a bit further: the geographic scope is limited to the U.S. and the U.K., given that plaintiff primarily worked in the U.S., and the alleged acts occurred in the U.K.

With that additional modification, plaintiff's discovery requests are both relevant to her allegations of a hostile work environment at Corsearch, see, e.g., Dkt. 1 ¶¶ 71-79, and proportional to the needs of this case. Since defendant asserts that it is aware of almost no internal or external complaints following a reasonable investigation, its burden should be minimal.

Next, defendant's concerns about privacy and confidentiality are obviated by the protective order in this case, and the Court will permit defendant to redact personally identifying information from any complaints it discloses in discovery. If defendant believes that additional protection is warranted, it may follow the procedures in paragraph 7 of the Protective Order, Dkt. 21. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 54.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: July 30, 2026