# Birch Hallam Harstad & Johnson, LLC

August 5, 2026

***Submitted via ECF***

Honorable Judge Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

*Re: Hanson v. Corsearch, Inc., Case No. 1:25-CV-8518 (AS)*

Pursuant to Local Rule 37.2 and Paragraphs 5 and 8 of the Court's "Individual Practices in Civil Cases," Plaintiff submits this Letter-Motion regarding the Defendant's refusal to produce: 1) documents relating to three "Female Listening Sessions" that Corsearch held with its female employees shortly after Ms. Hanson's assault; and 2) the names of at least two witnesses (Corsearch investors) with whom Mr. Clark discussed the assault allegations and Mr. Mellalieu's continued employment.[1]

**Female Listening Sessions**

Shortly after Ms. Hanson's assault, Corsearch held three "Female Listening Sessions" with its females employees. The purpose of the Listening Sessions was to "understand what it is like to work [at Corsearch] as a woman [and] what challenges [women at Corsearch] are facing." Mr. Clark (CEO), Ms. Williams (HR) and another Corsearch President (Viji Krishnan) attended the Listening Sessions.

On January 14, 2026, Plaintiff issued her First Set of Discovery Requests, in which she requested all documents, communications and notes relating to the Female Listening Sessions. *RFP 41*. Although the Female Listening Sessions are specifically referenced in the Complaint, Defendant initially objected to this RFP and refused to produce any documents at that time. The parties conciliated this issue, and Defendant eventually produced some responsive documents on May 29, 2026. Based on the documents, it is clear that:

1) Corsearch set up three Female Listening Sessions shortly after Ms. Hanson's assault, yet Corsearch produced information only relating to the one listening session that Ms. Hanson attended on April 8, 2024;
2) Corsearch conducted a survey that preceded the Listening Sessions, but Corsearch did not produce it; and

[1] We regret having to involve the Court yet again relating to discovery. However, we have (again) made every effort to conciliate these issues. Our attempts have been unsuccessful, and therefore, Court intervention is necessary.

1516 W. Hays Street
Boise, Idaho 83702
P: 208.336.1788
www.idahojobjustice.com

3) Corsearch's Executive Leadership Team ("ELT") met in mid-April, 2024, "to reflect on this input" gained during the Female Listening Sessions, but Corsearch did not produce the notes, agenda or communications relating to the ELT meeting. CORSEARCH00692.

On July 1, 2026, Plaintiff's counsel sent a letter to defense counsel, asking them to produce the documents outlined above. On July 14th, defense counsel objected, claiming that the information sought was "not tied to Plaintiff, the challenged employment decisions, or the relevant decision makers" and that Corsearch was "not aware of any additional . . . recordings of Female Listening Sessions in the U.S." On July 23rd, Plaintiff's counsel sent another conciliation letter, and the lead trial counsel for both parties met and conferred about the issue on July 27th.[2] On July 30th, Defendant sent a final letter, definitively stating that it would not produce the information. In the July 30th letter, Defendant again raised the prior objections and further claimed that locating and reviewing the production would be "disproportionate to the needs of this case."

Defendant's objections are specious. Defendant first claims that the information sought is "not tied to Plaintiff, the challenged employment decisions, or the relevant decision makers" and is disproportionate. However, this case not only relates to the assault on Ms. Hanson, but also alleges a broader hostile environment, and evidence of discrimination of others can be admissible circumstantial evidence of discrimination. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). Here, during one listening session (the one Ms. Hanson attended), a Corsearch supervisor stated she was concerned about the safety of women in the industry, another employee discussed a "lack of accountability" within the company around drinking/alcohol, and another recommended that women should have a "buddy" system at work events to keep them safe. Information like this is clearly relevant and proportional. *See Dkt. 56* (complaints of discrimination by others "are relevant to [Plaintiff's] allegations of a hostile work environment at Corsearch . . . and proportional to the needs of this case" (internal citation omitted)). Furthermore, Mr. Clark (the company's CEO) and Ms. Williams (HR) both attended the listening sessions, and both were involved in the investigation and employment decisions in this case. As such, Defendant's contention that these requests are not tied to the individuals involved in this case is baseless.

Second, Defendant claims that it is "not aware of any additional . . . recordings of Female Listening Sessions in the U.S." However, this interpretation is too narrow, as the listening sessions occurred over zoom, meaning that the meetings didn't occur in one country and employees from several countries all attended the meetings together. Furthermore, the bad acts alleged here were not limited to the United States. To the contrary, Mr. Mellalieu and Ms. Williams both live in the UK, the assault happened in Amsterdam and the decision-makers relating to this issue live in the United States and Europe. For the foregoing reasons, Plaintiff respectfully requests that the Court order Defendant to respond to RFP 41 and produce the information outlined above.

---

[2] For Corsearch, the call was attended by Kelly Cardin (lead trial counsel), James Bryton and Austin Hee. For Plaintiff, Erika Birch and Kass Harstad (both lead trial counsel) attended the call. The call lasted approximately 25 minutes, and in both the call and the July 23rd letter, Plaintiff's counsel stated that Defendant's refusal to produce the information would result in an impasse.

**Investors' Names**

On July 22, 2026, Defendant produced eight pages of emails and redacted the names of senders and recipients of many of the emails. On July 23rd, Plaintiff's counsel sent defense counsel a letter, asking them to remove the redactions, and the lead trial counsel for both parties met and conferred about the issue on July 27th. *See FN 2*. During the call, defense counsel indicated that the names that had been redacted were investors who ostensibly were not involved in the situation. However, the documents belie that argument – it is clear from the emails that Mr. Clark met with these investors on Tuesday, March 19th, and together, they decided on an "outcome" vis-a-vis Mr. Mellalieu and whether he should retain employment. In other words, these individuals are at minimum witnesses in this case, and there is no legitimate reason to withhold their names.

Despite the foregoing, defense counsel sent Plaintiff's counsel a letter on July 30th, stating that it was "continuing to evaluate the issues raised regarding the redactions . . . and is discussing the matter with its client. Defendant will supplement its response next week." The following day, July 31st, Plaintiff's counsel sent defense counsel an email, stating as follows:

> There is no reason for this delay - depositions are starting within the month and we need the names and contact information of these witnesses as soon as possible. Indeed, waiting another week for you to discuss this matter with your client (when there is no legitimate reason to withhold the information) is unnecessary and prejudicial to us.

As such, in the July 31st email, Plaintiff's counsel requested the following information by August 4th: 1) The documents with the names unredacted; and 2) A way to get ahold of these individuals (either an indication that the witnesses may be contacted through defense counsel, or their last known contact information). Defense counsel did not provide the information, but rather stated that they were still "in the process of reviewing with [their] client." However, it has now been two weeks since Plaintiff's counsel requested the redacted information (*i.e.*, the identity of important witnesses), and additional delay is prejudicial and unnecessary.[3] Based on the foregoing, Plaintiff respectfully requests that the Court order Defendant to provide the information requested above.

Sincerely,

s/ Kass Harstad
Kass Harstad (kass@idahojobjustice.com)
Erika Birch (erika@idahojobjustice.com)
Birch Hallam Harstad & Johnson, LLC

Rebecca Houlding (rebecca@houldinglaw.com)
Houlding Law PC

GRANTED IN PART. Defendant shall respond to RFP 41 and produce responsive, non-privileged materials related to the other two listening sessions, the survey preceding those sessions, and the mid-April ELT meeting, by **August 21, 2026**. These are relevant to plaintiff's allegations of a hostile work environment and proportional to the needs of the case. The Court understands that defendant has produced the unredacted names of the investors, so that part of the motion is denied as moot. If plaintiff seeks the contact information of those investors through the ordinary discovery process and defendant refuses to provide it, then plaintiff may seek relief then. Defendant's request for sanctions is denied. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 57.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 12, 2026