# Birch Hallam Harstad & Johnson, LLC

August 6, 2026

***Submitted via ECF***

Honorable Judge Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

*Re: Hanson v. Corsearch, Inc., Case No. 1:25-CV-8518 (AS)*

Pursuant to Local Rule 37.2 and the Court's "Individual Practices in Civil Cases," Plaintiff respectfully submits this Letter-Motion to compel a deposition schedule and to enforce the Court's July 16, 2026 Order (Dkt. 53). Despite the Order (and months of communications) Defendant has not cooperated in scheduling depositions within dates proposed or noticed by Plaintiff and consistent with the Court's Order.

**PROCEDURAL POSTURE AND POST-ORDER CONCILIATION EFFORTS**

Plaintiff's July 13, 2026 Letter-Motion (Dkt. 51) detailed: months of Defendant's resistance to scheduling depositions, including Defendant's refusal to schedule Plaintiff's deposition (which it had noticed in January 2026); its insistence, with no support in Rule 26(d), that Plaintiff be deposed before any other witness; and defense counsel's representation that CEO Abel Clark was not available until September 15, notwithstanding that his separation from Corsearch had already been announced effective July 6, 2026.

On July 16, 2026, the Court granted Plaintiff's motion in part and ordered that: (1) the remote depositions of Angela Williams and Charlotte de Metz (Corsearch's 30(b)(6) designee) occur at a mutually agreeable date/time in August 2026; (2) the deposition of Abel Clark (individually and as a 30(b)(6) designee) occur at a mutually agreeable date/time in September 2026, in person or remotely; and (3) Defendant may depose Plaintiff at a mutually agreeable date/time before August 24, 2026 remotely or in Idaho, or after August 24, 2026 in person in New York City (NYC). (Dkt. 53.) As set forth below, despite three weeks of repeated, good-faith efforts to conciliate a deposition schedule, Defendant refuses to comply with the first directive and has yet to agree to September dates for in person NYC depositions.

1) On July 16, 2026, Plaintiff's counsel advised Defendant that counsel was available the week of August 10, 2026, for the remote depositions of Williams and de Metz, consistent with the Order.

2) On July 21, Defendant proposed dates for Plaintiff's and de Metz's depositions for the last week in August but did not propose dates for Williams or Clark, instead saying they were obtaining their availability.

3) On July 22, Plaintiff's counsel explained that (a) the parties had been holding the week of August 10 (not August 24) for NYC depositions since June 10, 2026; (b) Plaintiff's counsel was unable to travel to NYC during the week of August 24 and(c) reiterated the need to schedule the in-person, NYC depositions during the same week so as to limit the travel costs and lost travel time consistent with F.RC.P. 1. Plaintiff's counsel offered Defendant a choice of three concrete scheduling options, each fully consistent with the Court's Order, and asked Defendant to select one.

4) On July 23, rather than select one of the three options, Defendant questioned why Plaintiff could not travel the week of August 24 and, for the first time asserted that Williams "cannot sit for a deposition

1516 W. Hays Street
Boise, Idaho 83702
P: 208.336.1788
www.idahojobjustice.com

until September." Williams' claimed unavailability was never raised with Plaintiff's counsel and was never disclosed to the Court before it ordered her deposition to occur in August.

5) On July 27, Plaintiff's counsel formally noticed Williams' remote deposition to begin on August 13, and de Metz's Rule 30(b)(6) deposition (also remote) for August 25, both within the window the Court ordered. Counsel again asked Defendant to commit to either the week of September 14 or September 21, 2026 for the remaining in-person NYC depositions, the only two weeks in September that Plaintiff's counsel's schedule and Ms. Hanson's work obligations permit travel to NYC. The parties had a conciliation call the evening of July 27 but failed to come to an agreement.

6) On July 30, Defendant reiterated that it would not produce Williams before September and that it would agree to a schedule only if Plaintiff's deposition proceeds first, in person, in NYC, on a date after August 24 -- the same position Defendant took, and the Court implicitly rejected, before the Dkt. 53 Order. Defendant gave Plaintiff until 4:00 p.m. the next day to accept those terms or be treated as being at an impasse. Plaintiff responded the same day saying:

> *We understand Defendant's position on order/priority of depositions, but the Court ruled otherwise. Notwithstanding that, and so that we can solidify a deposition schedule, we are willing to work within the parameters below.*
>
> *1. We need to settle on either the week of 9/14 or 9/21 for NYC depositions and we need to settle on which one now so that our client can make arrangements to her work schedule to accommodate the travel as I've explained numerous times. During whichever week we settle on, you can take April's deposition first (likely Monday if the flights pencil out). We would then depose Abel, Abel as 30(b)(6), Zoe, and Viji, all in person in NYC. The order of those three can be flexible depending on their availability.*
>
> *2. If the NYC depositions are set for 9/14, then we can take Angela's remote deposition prior to 9/11 or the week of the 9/21. If the NYC depositions are set for 9/21 then we will need to depose Angela prior to 9/18. We also need an agreement on how to handle the time difference. If we start at 8 am ET we can finish up by 5 pm ET but I assume that's too late in the UK. So, can we agree to take her deposition over two days as noticed starting at 6 am MDT/8 ET?*
>
> *3. Charlotte's 30b6 would still take place on August 25 as noticed.*

7) On August 4, having received no further response, and unable to continue holding two full weeks in September against Ms. Hanson's work schedule, Plaintiff's counsel advised Defendant that, absent a finalized schedule by noon on August 6, 2026, Plaintiff would seek this Court's assistance. Defendant's response that afternoon did not provide a firm date but stated that it was "confirming with [its] witnesses" whether the week of September 21 would work, and that Williams' deposition would, under that scenario, occur during the "last week of September," contrary to Plaintiff's counsel availability.[1]

---

[1] Today defense counsel proposed a schedule with Plaintiff's deposition on September 17 and the remaining NYC deposition the following week on unspecified days. This is not workable for many reasons including the increased expenses in having Plaintiff and counsel stay a weekend and extra days in NYC, and because as explained to Defendant, Ms. Hanson has work commitments that prevent her from taking both weeks (or parts thereof) off. She has offered to rearrange one week's work commitments to be present in NYC for depositions.

Defendant has refused a reasonable deposition schedule that includes having the NYC depositions in the same week (9/14 or 9/21) based on its insistence that Hanson be deposed ***first***[2] and prior to Williams, the very sequencing position that necessitated the July 13 motion.

**ARGUMENT**

"The only predicates to the imposition of sanctions under Rule 37(b) are a 'court order directing compliance with discovery requests' and 'non-compliance with that order.'" *Joint Stock Company Channel One Russia Worldwide v. Infomir LLC*, 2019 WL 4727537 *18 (Sept 26, 2019 S.D.N.Y.). Indeed, even absent a court order, the Court has inherent power to impose sanctions on a party for misconduct in discovery. *Id*. at *19. The Court's July 16, 2026 Order was not a suggestion; it directed that Williams' and de Metz's depositions occur in August 2026. Defendant has provided no basis to the contrary.

Nor has Defendant offered any legitimate basis to insist that Plaintiff's deposition proceed first and in person in NYC before any other deposition occurs. Despite this, Plaintiff has offered schedules that would allow Plaintiff to be deposed first in NYC on September 14 or 15, assuming the rest of NYC depositions can follow that same week. Yet, Defendant has still refused to commit to a deposition schedule.

The practical effect of Defendant's position is to functionally stay all depositions in this case until late September 2026 – after months of Plaintiff's efforts to simply take the initial depositions in this case and/or to require Plaintiff to travel to NYC on multiple occasions. Plaintiff has repeatedly offered Defendant multiple scheduling options, has formally noticed the depositions the Court ordered for August, and has given Defendant a firm and reasonable deadline that has now passed without a compliant response. Plaintiff's counsel and her client cannot continue holding two full weeks in September, which is disruptive to Plaintiff's work obligations and Plaintiff's counsel's calendar, while Defendant continues to treat the July 16 Order as an opening bid rather than a directive.

Fact discovery is scheduled to close on November 2, 2026. Absent Court intervention now, it is increasingly unlikely that any deposition, including those the Court has already twice ordered to proceed, will occur before late September at the earliest. This will in turn require further extensions of fact-discovery deadlines and continue to prejudice Plaintiff's ability to bring this case to resolution.

**RELIEF REQUESTED**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

a) Order de Metz's Rule 30(b)(6) deposition occur as noticed for August 25, 2026.

b) Order Defendant to produce Williams for her deposition as noticed on August 13-14, or in September prior to the 18th (Defendant has offered her deposition on the 18th but only if Hanson is deposed prior);

c) Order the remaining depositions (Hanson, Clark (individually and as a 30(b)(6) designee), Corsearch employee Zoe Martin and President Viji Krishnan) take place in person, in NYC the week of September 21, 2026 (Defendant has indicated these witnesses can be available that week);

d) Grant such other and further relief as just and proper, including Plaintiff's reasonable expenses and attorney's fees incurred in making this motion pursuant to Rule 37(a)(5) and Rule 37(b)(2)(C).

Thank you for your consideration of this matter. Plaintiff's counsel is available at the Court's convenience should a conference be of assistance.

---

[2] The only exception is permitting plaintiff to take a small portion of her Noticed 30(b)(6) deposition (de Metz) ***if*** the Plaintiff agrees to Defendant's schedule.

GRANTED IN PART as follows:

1. Ms. Metz's Rule 30(b)(6) deposition shall occur on **August 25, 2026**, as noticed.
2. Ms. Williams' deposition shall occur on or before **September 18, 2026**.
3. The depositions of Ms. Hanson, Mr. Clark, Ms. Martin, and Ms. Krishnan shall occur in-person in NYC **between September 17, 2026 and September 25, 2026**, with Ms. Hanson's deposition first.
4. As for fees, *both* sides have been less than reasonable to date. So here's how this will work from here on out. If the Court finds that any further games or efforts at delay have been made, then the other side will get an additional deposition of their choice (even if they have already deposed that individual) of one of the opposing party's witnesses, in person in New York City, with the costs and expenses paid by the games-playing side. The Court expects the parties to meet and confer *in good faith* from here on out.

The Clerk of Court is respectfully directed to terminate the motion at Dkts. 58 and 61.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 12, 2026

Sincerely,

s/ Erika Birch
Kass Harstad (kass@idahojobjustice.com)
Erika Birch (erika@idahojobjustice.com)
Birch Hallam Harstad & Johnson, LLC

Rebecca Houlding (rebecca@houldinglaw.com)
Houlding Law PC

*Attorneys for Plaintiff*