Littler

**Littler Mendelson, P.C.**
900 Third Avenue
New York, New York 10022.3298

Kelly M. Cardin
Shareholder
212.471.4420 direct
212.583.9600 main
347.745.3314 fax
kcardin@littler.com

September 23, 2026

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl St., Room 15A
New York, NY 10007

Re: *April Hanson v. Corsearch, Inc.*, 25-CV-8518 (AS)

Dear Judge Subramanian:

Pursuant to Local Civil Rule 37.2 and Rule 5 of Your Honor's Individual Practices in Civil Cases, Defendant Corsearch, Inc. respectfully requests an Order compelling Plaintiff April Hanson to (1) complete her production of records and provider information concerning all mental-health treatment predating her employment with Corsearch; and (2) appear for a limited continued deposition concerning that treatment and other potential causes of the psychological injuries for which she seeks damages, because her counsel instructed her not to answer certain questions during her deposition on September 17, 2026.

The requested discovery is critical to assessing a potentially significant component of Plaintiff's claimed damages. Plaintiff's economic damages may be comparatively limited and are likely readily quantifiable from employment and compensation records. Her claimed damages for PTSD, anxiety, depression, and emotional distress, however, remain undefined. The incomplete medical record leaves Corsearch unable to determine the extent of those alleged injuries or what portion, if any, is attributable to the conduct alleged here rather than preexisting conditions or other causes.

## I. Background

Corsearch sought discovery concerning Plaintiff's medical and mental health treatment in its initial discovery requests. After Plaintiff objected to producing her complete medical history and providing HIPAA authorizations, the parties agreed, as a compromise and without prejudice to Corsearch seeking additional discovery, that Plaintiff would initially produce records covering her employment with Corsearch through counsel. After reviewing that production, Corsearch determined that records concerning Plaintiff's pre-employment mental-health treatment were necessary to evaluate her claimed emotional-distress damages and subsequently repeatedly sought

the outstanding records and provider information.[1] On September 15, just two days before her deposition, Plaintiff produced limited pre-employment medical, pharmacy, and counseling records. That production confirmed rather than resolved the deficiency because the newly produced records referenced earlier treatment for which the underlying records were not produced. At her September 17 deposition, Plaintiff likewise could not recall material information concerning portions of her pre-employment treatment, and her counsel separately instructed her not to answer questions concerning prior sexual abuse. Corsearch therefore advised Plaintiff's counsel that responsive documents remained outstanding and expressly preserved its position that Plaintiff's deposition remained open.

## II. Plaintiff's Production and Testimony Confirm That Relevant Pre-Employment Treatment Records Remain Outstanding

Plaintiff has placed the cause and extent of her psychological injuries directly at issue by seeking damages from Corsearch for PTSD, anxiety, depression, and emotional distress. It is well-settled that where a plaintiff seeks more than garden-variety emotional-distress damages and relies on medical treatment, the defendant is entitled to discovery bearing on those claimed injuries. *See McConkey v. Churchill Sch. & Ctr.*, No. 24-cv-06091 (LJL), 2025 U.S. Dist. LEXIS 159978, at *2 (S.D.N.Y. Aug. 18, 2025) ("[i]t is unfair to allow [a] plaintiff to make allegations of emotional distress . . . and then deny defendants access to circumstantial evidence that offers a reasonable prospect of corroborating or undermining [his] claims.") (internal citations omitted); *Doe v. Sarah Lawrence Coll.*, 2021 U.S. Dist. LEXIS 10499, at *9 (S.D.N.Y. Jan. 20, 2021).

Moreover, discovery is not limited to treatment following the alleged injury. Where a plaintiff claims psychological trauma, a defendant is entitled to investigate "alternate causes for such psychological trauma and other mental health damages," including evidence bearing on what portion of the claimed damages is properly attributable to the defendant's alleged conduct. *Id.*; *Cohen v. City of N.Y.*, 2007 U.S. Dist. LEXIS 70762, at *14 (S.D.N.Y. Sept. 21, 2007).

The outstanding records fall squarely within that permissible inquiry. Plaintiff's document productions confirm that she has a history of mental health treatment before the events at issue. Plaintiff also testified regarding periods of pre-employment counseling and treatment but could not recall material information regarding certain providers, medications, or the nature and scope of that treatment. The contemporaneous records are therefore necessary to fill material gaps in Plaintiff's testimony and permit Corsearch to evaluate whether, and to what extent, her claimed psychological injuries preexisted or are attributable to causes other than Corsearch's alleged conduct. Corsearch accordingly requests that Plaintiff identify the outstanding providers and either

[1] Corsearch raised the missing pre-employment records and provider information in a July 27, 2026 deficiency letter. Lead counsel for the parties met and conferred on August 20, after which Plaintiff produced additional medical records on August 24, and then the parties conferred again on September 4. On September 8, Corsearch reiterated that Plaintiff's production did not resolve the issue and, in an effort to compromise, narrowed its request to relevant provider information and treatment records from January 1, 2015 through June 2022. On September 15, Plaintiff, although rejecting the proposal, produced records dating back to 2019.

produce the responsive records or provide authorizations permitting Corsearch to obtain them directly.

**III. Plaintiff's History of Assault Is Relevant to Plaintiff's Alleged Psychological Injuries She Attributes to Corsearch**

Plaintiff testified that the alleged sexual assault underlying this action was not the first she had experienced. When Corsearch sought to examine Plaintiff concerning those prior accusations, Plaintiff's counsel instructed her not to answer, and Plaintiff declined to do so. Plaintiff's counsel based her objection on relevance grounds asserting the prior abuse occurred far removed in time from the incident and because Plaintiff purportedly did not seek treatment for it.[2]

Evidence concerning prior sexual assaults and related accusations is directly relevant to whether the alleged event caused or contributed to the psychological injuries for which Plaintiff now seeks recovery. *See Doe*, 2021 U.S. Dist. LEXIS 10499, at *12 (ordering disclosure of pre-incident psychotherapy and family-counseling records concerning family conflict and other prior emotional stressors); *Cohen*, 2007 U.S. Dist. LEXIS 70762, at *14. This is especially true here, where Plaintiff could not recall material aspects of her broader treatment history and her own treatment records reference the prior instances of abuse. (The question of admissibility is a separate question that the Court can take up at trial if needed.)

Moreover, the asserted absence of treatment does not eliminate relevance. If Plaintiff did not obtain treatment for the prior abuse, there may be no contemporaneous records from which Corsearch can determine whether the prior abuse had continuing psychological effects. Indeed, the absence of treatment may itself leave unresolved whether any psychological effects of the prior abuse persisted and contributed to the injuries Plaintiff now attributes to Corsearch. That is a question Corsearch is entitled to explore through discovery, not one Plaintiff can foreclose by asserting that no treatment occurred. *See McConkey*, 2025 U.S. Dist. LEXIS 159978, at *2.

The requested examination may also yield relevant impeachment evidence. Plaintiff's prior statements concerning her psychological history are reflected in treatment records, while counsel's instruction prevented Corsearch from eliciting Plaintiff's testimony concerning that history. To the extent her prior statements materially differ from her deposition testimony, Corsearch is entitled to explore those differences as they bear on her claimed injuries and damages.

Corsearch need not establish at this stage that the prior abuse actually caused or contributed to Plaintiff's present psychological injuries. That is precisely what discovery is intended to explore. Corsearch is entitled to investigate whether the prior abuse provides an alternative or contributing cause of the injuries Plaintiff now attributes to Corsearch.

---

[2] To the extent the Court requires additional detail, information concerning Plaintiff's medical records or testimony can be made available or provided to the Court under seal.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Littler Mendelson, P.C.

*/s/ Kelly M. Cardin*
Kelly M. Cardin

cc: All Counsel of Record Via ECF

The letter motion to compel discovery is DENIED. In light of the records and testimony that Ms. Hanson has already provided regarding the impact of the prior abuse and her mental state at the time of the incidents in this case, the Court is not convinced that the requested discovery is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b).

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 69.

SO ORDERED.



Arun Subramanian, U.S.D.J.

Date: October 2, 2026